UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIC M. FRANZA,

      Plaintiff,

  v.

TINA M. STANFORD, *et al.*,

      Defendants.

No. 18-CV-10892 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

  Pro se Plaintiff Dominic M. Franza ("Plaintiff"), currently incarcerated at Fishkill Correctional Facility, brought suit against New York State Board of Parole Chairwoman Tina M. Stanford ("Stanford"); Commissioners Erik Berliner ("Berliner"), Charles Davis ("Davis"), Tyece Drake ("Drake"), Caryne Demosthenes ("Demosthenes"), and Marc Coppola ("Coppola"); and Chief Counsel Kathleen M. Kiley (Kiley; collectively, "Defendants") pursuant to 42 U.S.C. § 1983. (*See* Second Am. Compl. ("SAC") (Dkt. No. 40).) Plaintiff alleges that Defendants violated his rights under the Fourteenth Amendment and Supreme Court precedent in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

  On December 11, 2019, the Court issued an Opinion and Order dismissing Plaintiff's claims and ordering the closure of his case. (Dkt. No. 49.) *See Franza v. Stanford*, No. 18-CV-10892 (KMK), 2019 WL 6729258 (S.D.N.Y. Dec. 11, 2019). Plaintiff now moves for reconsideration of that decision. (Pl.'s Not. of Mot.; Pl's Mem. (Dkt. Nos. 51–52).)

  "The standard for granting a motion for reconsideration under Local Rule 6.3 is strict, so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Sampson v. Robinson*, No. 07–CV–6890, 2008 WL 4779079, at *1 (S.D.N.Y. Oct. 31, 2008)

(quotation marks omitted). Furthermore, a "motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." *VR Global Partners, L.P. v. Bennett (In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.)*, Nos. 06–CV–643, 07–CV–8686, 07–CV–8688, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008). "Rather, to be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Id.* (internal quotation marks omitted). In other words, "[r]econsideration is appropriate only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." *In re Refco*, 2008 WL 4962985, at *1 (internal quotation marks omitted).

Here, Plaintiff repeats the argument advanced in his brief, (*see* Dkt. No. 47 at 13–15,) that Defendants' failures "to specify the scale from which they departed" were violations of a "mandatory non-discretionary scheme" and therefore not subject to absolute immunity. (Pl's Mot. 11–14.) Relatedly, Plaintiff also suggests that the Court "inadvertently overlooked" a relevant Supreme Court precedent, *United States v. Gaubert*, 499 U.S. 315 (1991), that support this argument. (Pl.'s Mem. 11.)

Plaintiff's argument is without merit. First, the Court carefully considered Plaintiff's contention that Defendants acted in a ministerial capacity and were therefore not protected by absolute immunity, and the Court rejected his argument for several reasons expressed in its Opinion and Order. *See Franza,*, 2019 WL 6729258, at *6. Second, *Gaubert* is inapposite. That case addresses the liability of the United States under the Federal Tort Claims Act; it does not discuss the absolute immunity of state officials acting in a judicial capacity. *See Gaubert*, 499

2

U.S. at 322 ("The liability of the United States under the FTCA is subject to the various exceptions contained in § 2680 . . . .").

Finally, insofar as Plaintiff argues that "the vote to deny parole is not the subject of the complaint[; rather, the subject of the complaint is] solely the Defendants' failure to write the vote of denial in conformance with 9 NYCR § 8002(a)," (Pl.'s Mem. 13,) Plaintiff's claims must be dismissed for an additional reason as well. Here, Plaintiff expressly disclaims that the deprivation of his liberty is the subject of the complaint. Instead, Plaintiff simply asserts the existence of a novel constitutionally protected interest in a parole decision's conformance with New York State regulations. Plaintiff cites no caselaw supporting the existence of such a constitutionally protected interest, nor could he. As courts have repeatedly explained, "state statutes do not create federally protected due process entitlements to specific state-mandated procedures." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003); *see also Cusamano v. Sobek*, 604 F. Supp. 2d 416, 482 (N.D.N.Y. 2009) ("A violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983.").

For the reasons stated above, as well as for the reasons articulated in the Court's December 11, 2019 Opinion and Order, *see Franza*, 2019 WL 6729258, Plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED.

Dated: January __, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE